JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-11187-SB (PVCx) | Date: | 2/22/2021 |
|---|---|---|---|

| Title: | *Tom C. Benton v. Collect Access, LLC et al.* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**    **ORDER REMANDING CASE**

On December 15, 2020, Defendants filed a stipulation to remand this case to state court, stating that removal was improper because not all defendants consented.  (Stip., Dkt. No. 13.)  Plaintiff Tom C. Benton objected.  (Obj., Dkt. No. 14.)  On December 16, 2020, the Court ordered the parties to show cause why the Court has jurisdiction over the matter.  (OSC, Dkt. No. 18.)  Plaintiff filed a response on December 23, 2020 (Pl.'s Resp., Dkt. No. 19) and Defendants CardWorks, Inc. and CardWorks Servicing, LLC (collectively "CardWorks") filed a response on December 29, 2020 (Defs.' Resp., Dkt. No. 20.)  On January 12, 2021, the Court ordered Defendants to provide declarations from all defense counsel involved in the removal. (Order, Dkt. No. 21.)  Defense lawyers from Holland & Knight and the Zee Law Group provided the requested declarations. (Dkt. Nos. 22, 23, 24.)

**I.   LEGAL STANDARD**

"Federal courts have long observed the 'rule of unanimity', requiring the unanimous consent of all defendants for the removal of an action." *Hurtado v.*

*City of Ontario*, No. EDCV 12-00723-JLQ-SP, 2012 WL 2944822, at *1 (C.D. Cal. July 17, 2012) (citing 28 U.S.C. § 1446(b)(2)(A)). Failure to obtain unambiguous and unanimous consent "presents a procedural defect fatal to removal." *Id.* (quoting *Ballard v. Dist. of Columbia*, 813 F. Supp. 2d 34, 39 (D.D.C. 2011)).

## II.   DISCUSSION

Plaintiff argues that the unanimity requirement is met in this case because he received a copy of the notice of removal through the Court's text-entry system erroneously stating that Plaintiff removed the case (*see* Dkt. No. 19-1, Ex. C) and that reasonably interpreted, this notice provides unanimous consent on Defendants' behalf. (Pl.'s Resp. at 13.) Citing *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1125 (9th Cir. 2009), Plaintiff argues this notice is sufficient. (*Id.*) In *Proctor*, the court held that individual consent documents were not required to effect removal and that one defendant could timely remove by attesting that the other defendants had consented. 584 F.3d at 1225. The specifics of the removal mechanism are not at issue here. The substantive question of consent is. *See* 28 U.S.C. § 1446(b)(2) (requiring unanimous consent).

This case is factually similar to *Hurtado*. There, a group of defendants removed a case and the notice of removal, like here, stated "All Defendants have joined in and consent to removal to this Court." *Hurtado*, 2012 WL 2944822 at *2 Despite the representation that all defendants had joined, one defendant, the City of Ontario, did not affirmatively consent. *Id.* When the case was initially removed, the City stated to the other defendants that it "[did] not take any position on removal." *Id.* Construing this as consent, the other defendants removed. *Id.* Plaintiff then moved to remand. *Id.* The court held despite the City's "non-position," it did not unambiguously consent to removal, which required remand. *Id.* Here, only CardWorks has consented to removal. Defendants Collect Access, LLC and Zee Law Group, P.C. represent that have not consented and do not consent to removal. (Stip. at 2; Defs.' Resp. at 3.) Because the unambiguous and unanimous consent of all Defendants is lacking, the Court **REMANDS** this case to the Los Angeles County Superior Court.

While remand is appropriate, the Court does question Defendants' actions in this case. It is unclear from the attorneys' declarations why they thought they could remove this case against some but not all Defendants, effectively forcing Plaintiff to litigate the same case in state and federal court. The applicable statute authorizes removal of the "entire action" and allows severance of only certain

"claims" (i.e., those not subject to original or supplemental jurisdiction). 28 U.S.C § 1441(c). The failure to address this issue in the declarations, and the hasty removal without obtaining unambiguous consent, needlessly wasted scarce resources. Nevertheless, the Court does not conclude that a finding of jurisdiction is warranted here.[1] The case is therefore remanded.

      **IT IS SO ORDERED**.

---

[1] The removal without unanimous consent appears to have been caused by neglect rather than willful misconduct. Moreover, while Plaintiff opposes remand, he elected to file this case in state court in the first instance.

CV-90 (12/02)          **CIVIL MINUTES – GENERAL**          Initials of Deputy Clerk <u>VPC</u>